UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRED JAMES BURTON,               )
                                 )
       Plaintiff,           )
                                 )   CAUSE NO. 3:10-CV-245 WL
  vs.                            )
                                 )
STATE OF INDIANA, *et al.*,      )
                                 )
       Defendants.          )

## OPINION AND ORDER

Fred James Burton, a *pro se* prisoner, submitted a complaint pursuant to 28 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Burton claims his right to a fast and speedy trial was violated when Judge Chamblee granted a delay to the prosecuting attorney. However, a judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Granting a delay to the prosecuting attorney is within the jurisdiction of State trial courts.

As such, Judge Chamblee is immune from suit and the claims against him must be dismissed.

In addition to Judge Chamblee, Burton names the State of Indiana as a defendant, but he does not explain what the state did nor what relief he seeks. To the extent that he seeks monetary damages, the Eleventh Amendment precludes damage claims against States. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). To the extent that he seeks injunctive relief to obtain his release, habeas corpus is the exclusive means by which to obtain such a result. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore the State of Indiana must also be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A**.**

SO ORDERED.

ENTERED: June 25 , 2010

                                                s/William C. lee
                                                William C. Lee, Judge
                                                United States District Court